**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-02830-RM-KLM

ANDREW JOHNSON,

      Plaintiff,

v.

JOE PELLE,
EUGENE MARTINEZ,
JEFF GOETZ,
TIMOTHY OLIVEIRA, and
LYDIA MITCHELL,

      Defendants.

---

## ORDER

---

      This matter is before the Court on the recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 35) to grant in part and deny in part Defendants' motion to dismiss (ECF No. 20). Defendants filed a limited objection to the recommendation (ECF No. 36), and Plaintiff filed a response (ECF No. 37). But Plaintiff has not objected to the recommendation, and the time to do so has lapsed. For the reasons below, the Court overrules Defendants' objection and accepts the recommendation, which is incorporated into this order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.     LEGAL STANDARDS**

      Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it

is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.    BACKGROUND

The magistrate judge recommended denying Defendants' motion to dismiss only with respect to Plaintiff's claim based on a due process liberty-interest violation asserted against Defendants in their individual capacities, finding that "the primary issue that Plaintiff is

attempting to assert here is that he was permitted by both the Larimer County Court and the Boulder County Court to be released on bond, but Defendants chose not to release Plaintiff in the absence of any legally justifiable reason." (ECF No. 35 at 23.)  Though noting that there may have been legitimate reasons why Plaintiff was not released on bond, the magistrate judge determined that the allegations in the complaint were nonetheless sufficient to state such a claim.

## III.    ANALYSIS

Defendants contend that the magistrate judge erred by relying on allegations from Plaintiff's surreply to conclude that Plaintiff stated a claim for violation of his right to seek his court-ordered bond.  However, the magistrate judge's analysis of this claim is clearly based on the allegations in the complaint itself.  To the extent the magistrate judge relied on Plaintiff's surreply to clarify Plaintiff's intended claims, the Court discerns no error.  The complaint alleges that on the same day Plaintiff's bond was reinstated, Defendants met and decided to move him to the Arapahoe County Jail with a Boulder hold, which prevented him from being released.  (ECF No. 1 at 6.)  Construing the allegations in Plaintiff's pro se complaint liberally, the Court agrees Plaintiff has stated a plausible claim that Defendants' actions may have violated his right to release.  Therefore, Defendants are not entitled to dismissal of this claim at this stage of the case.

With respect to the findings and conclusions of the magistrate judge's twenty-nine-page recommendation that no party objected to, the Court finds the magistrate judge's analysis was thorough and sound and discerns no material errors on the face of the record.

**IV.     CONCLUSION**

Accordingly, the Court OVERRULES Defendants' objection (ECF No. 36), ACCEPTS and ADOPTS the recommendation (ECF No. 35), and GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss (ECF No. 20).

DATED this 24th day of September, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge